# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **Case No. 1:10-cr-00385 (RDA)** |
| ) | |
| ) | |
| **TAWFEEQ MOHAMMED,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### DEFENDANT'S RENEWED MOTION FOR EARLY TERMINATION OF
### SUPERVISED RELEASE
### (18 U.S.C. § 3583(e)(1))

Defendant Tawfeeq Hameed Abdullah Mohammed respectfully moves this Court for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). This renewed motion is based on Defendant's completion of nearly the entirety of the ten-year term of supervised release, with less than fifty (50) days remaining, and on materially changed family circumstances since the Court's prior ruling. The existing record is sufficient for the Court's consideration.

Last year prior to filing this motion, defense counsel conferred with the Government, which has advised that it opposes early termination, consistent with its position on Defendant's prior request. On April 26, 2023, the United States Probation Office without Government opposition affirmatively recommended early termination of supervised release to the Court, reflecting its assessment that continued supervision was no longer necessary, though the recommendation was denied.

## I. INCORPORATION OF PRIOR FILINGS

Defendant hereby incorporates by reference all prior motions, memoranda, responses, expert evaluations, probation submissions, letters, and court orders previously filed in this case relating to supervised release and its modification or termination, including but not limited to Defendant's prior motions and supporting materials and the Court's prior rulings. Defendant does not reattach those materials in the interest of judicial economy and to avoid unnecessary duplication of the record.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after considering the applicable factors set forth in 18 U.S.C. § 3553(a) if such action is warranted by the defendant's conduct and the interest of justice. The Court retains broad discretion in applying this standard. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999).

## III. RELEVANT BACKGROUND

Defendant commenced supervised release on or about March 2, 2016. He has now completed nearly the entirety of the ten-year term imposed by the Court and is in the final phase of supervision, with less than fifty (50) days remaining.

Defendant transitioned to supervision following a period of residential reentry placement and thereafter maintained lawful employment, initially commuting by public transportation from Maryland to Northern Virginia before establishing residence closer to his workplace. Throughout nearly a decade of supervision, Defendant has complied with the conditions imposed by the Court, maintained stable family and community ties, and avoided any new criminal conduct.

## IV. MATERIAL CHANGED CIRCUMSTANCES

Since the Court's most recent denial of early termination, Defendant's family circumstances have materially changed. Defendant and his spouse have welcomed the birth of a third minor child. The household now includes three young children, significantly altering day-to-day caregiving responsibilities.

This development is relevant not as a matter of convenience, but as a material change in household dynamics occurring at the very end of Defendant's supervision term. The remaining period of supervision is brief, while the family's needs are immediate and ongoing.

## V. APPLICATION OF THE § 3553(a) FACTORS

Defendant respectfully submits that, at this stage, the applicable § 3553(a) factors support early termination:

1. Nature and circumstances of the offense; history and characteristics of the defendant (§ 3553(a)(1)). Defendant does not minimize the seriousness of the offense or the Court's prior findings. However, over ten years of compliant supervision without incident reflects

sustained rehabilitation and stability.[1]

2. Deterrence and protection of the public (§ 3553(a)(2)(B)–(C)). The objectives of deterrence and public protection have been served through a substantial custodial sentence followed by almost a full decade of supervised release. With less than sixty days remaining and continued sex offender registration, continued supervision provides minimal additional deterrent or protective benefit.

3. Need for supervision in light of the remaining term (§ 3553(a)). The marginal utility of supervision during the final weeks of a ten-year term totaling over 98% of supervised release is limited where the defendant has demonstrated long-term compliance and stability.

4. Interest of justice (§ 3583(e)). Early termination at this point would recognize successful completion of the core objectives of supervision while allowing Defendant to conclude the supervision term without unnecessary continuation of federal oversight.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1).

Respectfully Submitted,

Ashraf W. Nubani, Esq.
AWN Point Law
10907 Kewanee Drive
Temple Terrace, FL 33617
(703) 658-5151
awn@awnpointlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January 2026, a true and correct copy of the foregoing motion was served via the Court's CM/ECF system upon all counsel of record.

/s/ Ashraf Wajih Nubani
Counsel for Defendant

---

[1] Mr. Mohammed was released from federal prison in December 2015 in to a halfway house in Maryland where he was supervised for over two months until he formally commenced supervised release in the Eastern District of Virginia.